BLUE, Judge.
Karen McLean, the former wife, appeals an amended final judgment of dissolution entered after the first judgment was reversed and remanded. She correctly argues that the trial court failed to follow this court’s mandate. Because the trial court merely converted the alimony award from rehabilitative to permanent, without appro *283 priate factual findings, the judgment must be reversed.
In McLean v. McLean, 652 So.2d 1178 (Fla. 2d DCA 1995), this court reversed a one-year award of $2250/month in rehabilitative alimony, holding that it was an abuse of discretion in light of the long-term marriage, remaining minor child, disparity in the parties’ earning abilities, and failure to make findings regarding a rehabilitative plan and goals. In addition, the trial court erred in finding that the Husband’s income was $150,-000 a year, which was only about one-third of his actual income for the previous six years. The trial court also erred in considering the costs of sending the children to college and in considering the potential investment income from conversion of an asset awarded to the Wife. On remand, the trial court was directed to award permanent alimony and to consider the issue of security for certain equalizer payments if requested.
When the case went back to the trial court, no hearing was held nor were the attorneys given an opportunity to present argument on the remanded issues. The trial court simply awarded the wife permanent periodic alimony of $2250/month without making findings on the statutory factors to show how the court arrived at this amount. Without such findings, we can only presume that the monthly sum of $2250, awarded in the first judgment, was based on the trial court’s determination of the Husband’s income, the children’s college costs, and conversion of an asset. Because the trial court’s findings on these issues were reversed, the trial court should have redetermined these issues pursuant to this corut’s opinion before setting the amount of permanent alimony. In the absence of findings, we reverse. See Sasnett v. Sasnett, 679 So.2d 1265 (Fla. 2d DCA 1996) (reversing for failure to make findings required by. section 61.08, Fla. Stat., relative to alimony award).
Reversed and remanded.
THREADGILL, C.J., and WHATLEY, J., concur.